UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMMY D. HANNAH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                         /

Case No. 16-11589

Honorable Nancy G. Edmunds

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S AUGUST 15, 2017 REPORT AND RECOMMENDATION [20]**

Plaintiff filed this action seeking review of the Commissioner of Social Security's decision that Plaintiff was disabled beginning on May 15, 2014, but denying social security benefits for the period of May 9, 2011 (Plaintiff's alleged onset date) through May 15, 2014. (Dkt. 1.) The Court referred the matter to the Magistrate Judge who now recommends upholding the Commissioner's decision. (Dkt. 20.) On August 30, 2017, Plaintiff filed two objections to the Magistrate Judge's report, which the Court considers here. (Dkt. 22.) Having conducted a *de novo* review of the part of the Magistrate Judge's report to which specific objections have been filed, the Court DENIES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation. It is further ordered that Plaintiff's motion for summary judgment [14] is DENIED, Defendant's motion for summary judgment [16] is GRANTED, and the case is hereby DISMISSED.

Plaintiff has two objections to the Magistrate Judge's report and recommendation. First, Plaintiff objects to the Magistrate Judge's analysis of the Administrative Law Judge's

("ALJ") step-two conclusion that Plaintiff had no severe physical impairments until May 15, 2014. (Dkt. 22, at 2.) Plaintiff rightly cites *Higgs v. Bowen*, for the proposition that the Sixth Circuit construes the step-two severity regulation as a "*de minimis* hurdle in the disability determination process." 880 F. 2d 860, 862 (6th Cir. 1988); *See also Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 576 (6th Cir. 2009). Plaintiff maintains, that the few inconsistent references to her alleged pain in the medical records for this period, meets this admittedly low *de minimis* hurdle. However, *Higgs* also states that "the severity requirement may still be employed as an administrative convenience to screen out claims." 880 F.2d at 863. "When doctors' reports contain no information regarding physical limitations or the intensity, frequency, and duration of pain associated with a condition, [the Sixth Circuit] has regularly found [albeit in unpublished decisions] substantial evidence to support a finding of no sever impairment." *Despins v. Commissioner of Soc. Sec.*, 257 F. App'x 923, 930 (6th Cir. 2007) (citing *Long v. Apfel*, 1 Fed.Appx. 326, 331-32 (6th Cir. 2001)). The *Higgs* court itself gave little or no weight to subjective descriptions of pain. 880 F. 2d at 864. Moreover, where the record does not contain indications that health problems resulted in specific work-impairing limitations, the Sixth Circuit finds non-severity determinations appropriate. *Long*, 1 Fed.Appx. at 332. Thus, the *de minimis* hurdle is both the appropriate standard for a step-two determinations, and yet may appropriately be used to screen out claims if insufficient evidence is provided to meet that hurdle. *Higgs*, 880 F.2d at 863.

Plaintiff argues that the ALJ failed to properly consider her physical impairments from prior to May 15, 2014. However, the ALJ's decision includes substantial analysis of this period including weighing Plaintiff's repeated denials of pain to Dr. Park, the lack of

2

diagnostic studies, and the "mild" allegations of back pain during the consultative examination performed in April 2013, among other things. (Dkt. 12-2, Pg ID 66-67; Dkt. 12-9, Pg ID 349.) The Court is satisfied that ALJ properly considered Plaintiff's physical impairment prior to May 15, 2014 and reasonably determined them non-severe.

Plaintiff also disagrees with the Magistrate Judge's close interpretation of the medical records from prior to May 15, 2014. (Dkt. 22, at 3-4.) Plaintiff argues the Magistrate Judge overly credits Plaintiff's strength and mobility improvements during physical therapy at the Cooper Center, between March and June, 2011 and missed Plaintiff's moderate setback during the May 2011 visit. (Dkt. 22, at 4.) However, the Magistrate's Judge's finding of overall improvement is reasonable, based on Plaintiff's request for discharge from physical therapy and improving strength and mobility over the period, even considering the moderate set back in the final appointment. Plaintiff failed to show functional limitations prior to May 2014 and the ALJ and the Magistrate Judge's findings that any impairment prior to May 2014 was non-severe is reasonable.

While not necessary for this determination, the Court further recognizes the Sixth Circuit precedent that an incorrect non-severity finding at step-two may be harmless, if the ALJ found another impairment severe and continued with the five-step evaluation process. (Dkt. 20, at 19.) Plaintiff argues this precedent cannot be employed because the ALJ did not account for Plaintiff's non-severe physical impairments prior to May 15, 2014 in the remaining evaluation steps. Plaintiff cites as evidence, the fact the physical impairments prior to May 15, 2014 are not mentioned in the ALJ's RFC finding. However, "the RFC is meant to describe the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 234, 240 (6th

Cir. 2002). The ALJ considered the Plaintiff's physical impairments at step three, and found that they only established functional limitations as of May 15, 2014. (Dkt. 12-2, PG ID 66-67.) Thus, even if the ALJ and Magistrate Judge were both incorrect in their step-two determinations, which they are not, the error would still be harmless since those physical impairments were considered in the remaining sequential analysis. Accordingly, the Court finds no merit in Plaintiff's first objection.

Plaintiff's second objection to the report and recommendation is that the Magistrate Judge erred in finding that the ALJ properly applied the "treating physician rule." Specifically, Plaintiff argues, the Magistrate Judge, and before her the ALJ, improperly discounted the weight afforded to Dr. Park and Barbara Payne's opinions reflected in check-box questionnaires they each completed in June 2012. (Dkt. 20, at 21.) Plaintiff maintains the 100 pages of medical records from Dr. Park and Barbara Payne support the opinions they each represented when checking the boxes. However, as the Magistrate Judge established, the check-the-box forms express conclusory opinions on matters reserved for the Commissioner, and do not represent "clinical notes, nor do they document a contemporaneous examination of the patient." (Dkt. 20, at 27.) "[T]he solicited information is not a medical opinion, but rather a series of check marks addressing plaintiff's vocational limitations." (*Id.*) The conclusions "were not supported by the providers' own [contemporaneous] treatment notes and were otherwise inconsistent with other substantial evidence in the record." (*Id.*) (citing Dkt. 12-2, Pg ID 27-33.) As the Sixth Circuit has made clear, an ALJ is "not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."

4

*Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). The Court is thus satisfied that the ALJ offered sufficient reasons to discount Dr. Park's and Barbara Payne's check marked forms.

For the reasons thus stated, the Court DENIES Plaintiff's objections, ADOPTS the Magistrate Judge's Report and Recommendation, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment and AFFIRMS the decision of the Commissioner pursuant to 42 U.S.C. §405(g).

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager